[Sac. No. 5198. In Bank.—September 2, 1938.]

A. P. COSTA, Respondent, v. FRANK B. NEVES, Appellant.

[Sac. No. 5199.

AMOS O. WILLIAMS, as Administrator etc., Appellant, v. A. P. COSTA et al., Respondents.

C. Ray Robinson, James D. Garibaldi, Willard B. Treadwell and John H. Machado for Appellants.

Andey R. Schottky and Edward Bickmore for Respondents.

THE COURT.—This cause was transferred to this court after decision by the District Court of Appeal, Third District. We are of the opinion that the District Court of Appeal arrived at the correct conclusion in its decision of the case. There was, however, certain language in the opinion which we deemed inappropriate. This language we have deleted from the opinion at places therein indicated by asterisks. As thus modified we adopt the same as the opinion of this court. It is as follows:

"In this appeal two cases have been consolidated, an action for unlawful detainer, and an action to quiet title by the administrator of the estate of Bastos, deceased.

"The facts upon which each action is based are so intermingled that one statement will cover both.

"For some time prior to March, 1933, Alfonso Bastos was the owner of a ranch in the county of Merced. About that time Bastos, being in some financial difficulty with Larry Ferreira, executed to his brother A. P. Costa, a mortgage thereon for $10,000.00. Shortly prior to the giving of this mortgage Ferreira had filed an action against Bastos alleging that Bastos was indebted to him in a sum in excess of $5,000.00. The court found, and the facts are apparently not in dispute, that Bastos received no consideration from Costa for the execution of said note and mortgage and that these instruments were executed with the intention to delay and defraud Ferreira, the creditor of Bastos and in the collection of any judgment he might obtain against Bastos.

"In November, 1933, Ferreira recovered a judgment of $5,000.00 against Bastos, and thereafter an execution was issued on said judgment directed to the sheriff of the county of Merced, which officer duly levied upon the ranch property of Bastos.

"Thereafter and in December, 1933, the real property was sold under execution by the sheriff to Ferreira, for the sum of $500.00 and the sheriff's certificate of sale under said execution was delivered and duly recorded. About two months after the sale Bastos deeded said real property to A. P. Costa which deed was duly recorded. As to this transaction the court found that said Alfonso Bastos received no consideration for the making and execution of said deed. Some two or three months after the recording of this deed Ferreira made and executed a quitclaim deed of said real property to Costa. This deed was never recorded but was delivered to an attorney for Bastos. The consideration for the quitclaim deed made by Ferreira was paid by Bastos by a cash payment, and the transfer of certain personal property belonging to Bastos, the quitclaim deed being made by Ferreira in consideration of said cash payment and transfer of the personal property. At the same time Ferreira delivered to Bastos a full satisfaction of the judgment against him.

"Prior to the foregoing and in November, 1933, Bastos had by parol lease rented this ranch to Frank Neves, one of the defendants and appellants herein. Neves entered into possession of the property under the terms of the lease with the understanding that in March, 1934, Bastos would execute a written lease of the property for a term of five years, but during the interim Neves was to continue in possession of said property under the terms of the parol lease.

"In May, 1934, Bastos died, without making any written lease to Neves, and letters of administration were issued to Amos O. Williams as public administrator, plaintiff and appellant herein. Thereafter the administrator entered into a written lease with Neves, since which times Neves has continued to occupy said premises and to pay the rents specified therein.

"Thereafter Costa filed an action in unlawful detainer against Neves, the possessor of the real property. Neves in his answer denied that he had ever been a tenant of Costa and denied that Costa was the owner of or entitled to the possession of said premises.

"Upon the trial, judgment in the unlawful detainer suit was entered in favor of plaintiff Costa, the court holding that Neves was guilty of unlawful detainer, and awarded judgment against defendant for unpaid rentals.

"In the action to quiet title, judgment was entered in favor of defendants Costa and wife. It is from these judgments that these appeals have been taken.

"Respondent contends that the judgments as entered by the trial court are fully supported by the law and the facts in the case; as to the action to quiet title it is maintained that the holder of an equitable title . . . cannot quiet title as against the holder of the legal title, and that a resulting trust cannot be declared in favor of a plaintiff in a quiet title action where the complaint contains no allegations with reference to any resulting trust. It is also maintained that a conveyance of real property with intention to defraud creditors is valid and is effective between the parties thereto and their successors in interest.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*

"Taking up appellants' contention, that if the grant deed was not fraudulent the appellants must prevail, they point

out that Ferreira became the owner of the property by virtue of the sheriff's sale based upon the judgment recovered by Ferreira against Bastos, and that anything that Bastos may have done after Ferreira became vested with the title was not fraudulent as far as Ferreira was concerned. Ferreira became the owner of the property by virtue of the sheriff's sale in December, 1933. It was not until February, 1934, that Bastos attempted to deed this property to Costa.

"Section 3441 of the Civil Code provides that a creditor can void the obligation of his debtor for fraud only when the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation. A conveyance therefore, cannot be set aside by a creditor no matter how tainted with fraud, unless some specified property upon which he has a right to file his claim has by the fraudulent conveyance been placed beyond his reach. The mere intent to delay or defraud is not sufficient, but there must also be an injury to the creditor which must be affirmatively shown. (12 Cal. Jur., p. 976; *Brown* v. *Campbell,* 100 Cal. 635 [35 Pac. 433, 38 Am. St. Rep. 314]; *Sewell* v. *Price,* 164 Cal. 265 [128 Pac. 407].)

"Therefore, inasmuch as Ferreira had already obtained the legal and equitable title to the property by execution on a judgment against Bastos he was not deprived of the property, and there is nothing to show that either Bastos or Costa succeeded in placing the equity of redemption beyond the reach of Ferreira. As a matter of fact it appears that Bastos exercised his right to redemption and paid off and satisfied the judgment of Ferreira and therefore it is apparent that Ferreira was in no way defrauded. It is therefore obvious that no matter with what intent this conveyance may have been made, it was not in fact fraudulent.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"In regard to the quitclaim deed from Ferreira to Costa, the court found that Costa paid no consideration for such quitclaim deed to either Ferreira or to Bastos, but the consideration was paid by Bastos to Ferreira. Inasmuch, therefore, as Costa paid nothing for the quitclaim deed, and the consideration moved from Bastos to Ferreira, Costa is not entitled to the property, but it must be that he held the property in trust for Bastos, the party paying the consideration, and who had title thereto before said deed was executed.

"These findings are all amply supported by the evidence, and there can be no doubt that the consideration for the transfer of the title of Ferreira to Costa was paid by Bastos, and that Costa became the constructive trustee for Bastos of the title to the property received by him from Ferreira during his lifetime.

■ "Respondents contend that even conceding the administrator had an equitable title, under the pleadings of this case, that is, an action to quiet title, he cannot set up this defense; that is, in an ordinary action to quiet title, a trust cannot be established.

"The complaint in this action alleges that Bastos, through his representative Williams, is the owner of the property and entitled to the possession thereof and that Costa, the defendant, is claiming the same without right. Costa, upon his part, introduced the deeds showing title in himself and set up his legal title, and claimed thereby possession of the property. As against this evidence the plaintiff was entitled to show that he was the equitable owner of the property, and that defendant held the title in trust for him. That this is the rule and has been already recognized is held in *Calkins* v. *Calkins*, 63 Cal. App. 292, 293 [218 Pac. 611]. The court there said:

" ' . . . The plaintiff may allege that he is the owner of the property and that the defendant without right withholds from him its possession, and if the defendant sets up title in himself the plaintiff may be permitted to show that he is the equitable owner and the defendant holds the title in trust for him. In other words, under such pleadings the plaintiff may introduce evidence to avoid the affirmative defense and to recover, if in good conscience he ought.'

"See, also *Marsh* v. *Smith*, 46 Cal. App. 692 [189 Pac. 1037].

■ "If we are correct, therefore, in holding that Costa did not secure any interest or title in the real property, then Costa is not entitled to recover the lands from Neves. Neves dealt with Bastos during his lifetime, and after the death of Bastos entered into a lease with the administrator and has paid all the rents reserved thereunder to the administrator. Under these facts we cannot find that Neves is guilty of unlawful detainer.

"We are therefore of the opinion that in the action to quiet title brought by Williams as administrator, the court erred in finding that Costa was the owner of the property, and in the action brought by Costa against Neves the court erred in finding defendant Neves guilty of unlawful detainer."

It is therefore the judgment of this court that judgment in both cases be reversed and that the trial court enter judgment in accordance herewith.

Rehearing denied.